UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KAS MARITIME SHIPPING LINES LTD.,

      Plaintiff,

- against -

YONG HE SHIPPING (HK) LTD., YONG HE
SHIPPING LINES INC., PROSPER SHIPPING
LIMITED, JIANGSU FAREAST INT'L
SHIPPING AGENCY, CENTRANS IMS CO. LTD.
TIASING FISHERY SINGAPORE PTE LTD., and
SHANGHAI COSFAR INT'L CO. LTD.
a/k/a COSFAR

      Defendants.
------------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiffs, KAS MARITIME SHIPPING LINES LTD. ("KAS"), by and through its attorneys, Tisdale Law Offices, LLC for its Verified Complaint against the Defendants, YONG HE SHIPPING (HK) LTD. ("YONG HE"), YONG HE SHIPPING LINES INC. ("YHSL"), PROSPER SHIPPING LTD. ("PROSPER"), JIANGSU FAREAST INT'L SHIPPING AGENCY ("JIANGSU"), CENTRANS IMS CO. LTD., ("CENTRANS"), TIASING FISHERY SINGAPORE PTE LTD. ("TIASING"), and SHANGHAI COSFAR INT'L CO. LTD. a/k/a COSFAR ("COSFAR") (collectively "Defendants") alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff KAS was, and still is, a foreign company or other business entity organized under and existing by virtue of foreign law with a principal place of business in Liberia.

3. Upon information and belief, Defendant Yong He was a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was the Owner of the Vessel M/V YAKIMA ("Vessel").

4. Upon information and belief, at all material times, Defendant YHSL was a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

5. Upon information and belief, at all material times, Defendant PROSPER was is, a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

6. Upon information and belief, at all material times, Defendant JIANGSU was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

7. Upon information and belief, at all material times, Defendant CENTRANS was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

8. Upon information and belief, at all material times, Defendant TIASING was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

9. Upon information and belief, at all material times, Defendant COSFAR was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Beijing and guaranteed Yong He's performance of the Charter Party identified below.

10. Pursuant to a standard Time Charter Party with Riders, dated June 20, 2007, Plaintiff chartered its Vessel to Yong He for one time charter trip of about 65 days, for the shipment of steel.

11. The Charter Party required Defendant to pay charter hire in the amount of USD$36,000 per day including overtime, payable every 15 days in advance to Plaintiffs.

12. Defendants have failed to pay advance charter hire due to Plaintiff as per the charter party terms and as a result, Defendants have breached the Charter Party causing loss and damage to the Plaintiff in the principal amount of $181,421.89.

13. Pursuant to the Charter Party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff will be entitled to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $181,421.89 |
| B. | Interest at 6.5% compounded Quarterly for three years | $37,726.61 |
| C. | Arbitration costs and fees | $22,000.00 |
| **Total** | | **$251,148.50** |

11. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of

3

this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

12. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$251,148.50.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$251,148.50** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited

to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendants as a judgment of this Court;

D.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: New York, New York
       January 15, 2008

The Plaintiff,
KAS MARITIME SHIPPING LINES LTD.

By: _____
Claurisse Campanale-Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, Connecticut
         January 15, 2008

_____
Claurisse Campanale-Orozco