| | | |
|---|---|---|
| 11 WEST 42ND STREET, SUITE 900<br>NEW YORK, NY 10036<br>(212) 354-0025<br>FAX: (212) 869-0067 | **TISDALE**<br>**LAW OFFICES, LLC**<br>*New York, NY · Southport, CT* | 10 SPRUCE STREET<br>SOUTHPORT, CT 06890<br>(203) 254-8474<br>FAX: (203) 254-1641 |
| TL@TISDALE-LAW.COM | | WWW.TISDALE-LAW.COM |



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/08

RECEIVED
FEB 21 2008
CHAMBERS OF
JUDGE JOHN G. KOELTL

February 21, 2008

**By Hand Delivery**
Honorable John G. Koeltl
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1030
New York, NY 10007-1312

Re:   Kas Maritime Shipping Lines Ltd. v. Yong He Shipping (HK) Ltd., Yong He Shipping Lines, Inc., Prosper Shipping Ltd., Jiangsu Fareast Int'l Shipping Agency, Centrans IMS Co. Ltd., Tiasing Fishery Singapore Pte. Ltd. and Shanghai Cosfar Int'l Co. Ltd. a/k/a Cosfar
Docket Number: 08 Civ. 374

Dear Judge Koeltl:

We are attorneys for the Plaintiff, Kas Maritime Shipping Lined Ltd. (Kas Maritime) in the above captioned matter. We are writing to set forth support for Kas Maritime's request for leave to file a Verified Second Amended Complaint in support of the issuance of an Amended Ex Parte Order in turn authorizing issuance of Supplemental Process of Maritime Attachment and Garnishment in this matter.

Plaintiff now seeks leave pursuant to Federal Rule of Civil Procedure 15(a) to file a Verified Second Amended Complaint in this action. For the reasons set forth below, we respectfully request that Plaintiff's application be granted.

Plaintiff filed its original Verified Complaint on January 15, 2008 alleging that Defendant Yong He Shipping (HK) Ltd (Yong He) was in breach of its charter party with Kas Maritime for failing to pay hire due and owing for the use of the Plaintiff's vessel. Plaintiff also named several other defendants in that action, based on the relationships between them and Yong He with respect to the charter party between Kas Maritime and Yong He. On February 13, 2008, Plaintiff filed a Verified Amended Complaint on February 13, 2008 adding several additional allegations to the action based on additional information obtained. These facts are outlined in paragraphs 16 through 32 of the Second Amended Complaint.

Since the issuance of the Amended Ex Parte Order, the Plaintiff has served the Order and Process of Maritime Attachment and Garnishment (the "Writ") on the New York garnishee banks identified therein. As of today's date, the Plaintiff is fully secured. This security is

*The Court has signed the Order Granting Leave to File the Second Amended Verified Complaint. The Court has not signed another Rule B Attachment Order in view of counsel's candid representation that the Plaintiff is already fully secured. So Ordered.*
*2/22/08*  [signature]

comprised of three wire transfers stopped pursuant to the Writ. Specifically, the Plaintiff has restrained a wire totaling $33,000 at Deutsche Bank on January 17, 2008 being sent from Defendant Jiangsu Fareast Int'l Shipping Agency and two wires for $217,000.00 and $1,148.50 at Wachovia Bank being sent from Tiasing Fishery Singapore Pte Ltd. Pursuant to Local Rule B.2 of the Local Rules for the United States District Court for the Southern District of New York, these two defendants were notified of these attachments and were served with Process in this action, including copies of the Amended Complaint filed on February 13, 2008.[1] The Plaintiff has ceased service of the Ex Parte Order and Writ on the garnishee banks. Further, none of the Defendants have entered an appearance in this action nor have they filed an Answer to the Verified Complaint or Verified Amended Complaint.

Unless an opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. See Foman v. Davis, 271 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a).

The changes in Plaintiff's Verified Second Amended Complaint clarify the relationship between Kas Maritime and Yong He, as owner and charterer, respectively, of the Vessel that was chartered under the charter party contract. These amendments will not prejudice the Defendants because they have not filed an Appearance or Answer, and, based on the allegations set out in the pleading, Plaintiff is entitled to the remedy of attachment and garnishment pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure. Attached hereto as Exhibit 1 is a proposed Order granting Plaintiff's application for leave to file a Verified Second Amended Complaint.

For all of the foregoing reasons, it is respectfully prayed that Plaintiff's request for leave to file a Verified Second Amended Complaint be granted. We are available to discuss this matter at any time convenient to the Court.

Respectfully submitted,

Claurisse Campanale Orozco

---

[1] Defendant Yong He Shipping (HK) Ltd. has also been served with process in this action, despite that no funds originating from or being transmitted to Yong He have been attached.