UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KAS MARITIME SHIPPING LINES LTD.,⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀- against -⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀08 CV 00374 (JGK)
YONG HE SHIPPING (HK) LTD., YONG HE⠀⠀:⠀⠀ECF CASE
SHIPPING LINES INC., PROSPER SHIPPING⠀⠀:
LIMITED, JIANGSU FAREAST INT'L⠀⠀⠀⠀:
SHIPPING AGENCY, CENTRANS IMS CO. LTD.:
TIASING FISHERY SINGAPORE PTE LTD., and :
SHANGHAI COSFAR INT'L CO. LTD.⠀⠀⠀:
a/k/a COSFAR⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀:
------------------------------------------------------------------X



## VERIFIED SECOND AMENDED COMPLAINT

⠀⠀⠀⠀Plaintiffs, KAS MARITIME SHIPPING LINES LTD. ("KAS"), by and through its

attorneys, Tisdale Law Offices, LLC for its Verified Second Amended Complaint against the

Defendants, YONG HE SHIPPING (HK) LTD. ("YONG HE"), YONG HE SHIPPING LINES

INC. ("YHSL"), PROSPER SHIPPING LTD. ("PROSPER"), JIANGSU FAREAST INT'L

SHIPPING AGENCY ("JIANGSU"), CENTRANS IMS CO. LTD., ("CENTRANS"), TIASING

FISHERY SINGAPORE PTE LTD. ("TIASING"), and SHANGHAI COSFAR INT'L CO. LTD.

a/k/a COSFAR ("COSFAR") (collectively "Defendants") alleges, upon information and belief, as

follows:

⠀⠀⠀⠀1.⠀⠀⠀⠀This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

⠀⠀⠀⠀2.⠀⠀⠀⠀At all times material to this action, Plaintiff KAS was, and still is, a foreign company

or other business entity organized under and existing by virtue of foreign law with a principal place

of business in Liberia and was the Owner of the Vessel M/V YAKIMA ("Vessel").

3.    Upon information and belief, Defendant Yong He was a foreign corporation or other business entity organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was the time charterer of the Vessel.

4.    Upon information and belief, at all material times, Defendant YHSL was a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business in the Far East, including Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

5.    Upon information and belief, at all material times, Defendant PROSPER was is, a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a place of business in the Far East, including Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

6.    Upon information and belief, at all material times, Defendant JIANGSU was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a place of business in the Far East, including China and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

7.    Upon information and belief, at all material times, Defendant CENTRANS was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a place of business in the Far East and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

8.    Upon information and belief, at all material times, Defendant TIASING was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a place of business in the Far East, including Singapore and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

9.    Upon information and belief, at all material times, Defendant COSFAR was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Beijing and guaranteed Yong He's performance of the Charter Party identified below.

10.    Pursuant to a standard Time Charter Party with Riders, dated June 20, 2007, Plaintiff chartered its Vessel to Yong He for one time charter trip of about 65 days, for the shipment of steel.

11.    The Charter Party required Defendant to pay charter hire in the amount of USD$36,000 per day including overtime, payable every 15 days in advance to Plaintiffs.

12.    Defendants have failed to pay advance charter hire due to Plaintiff as per the charter party terms and as a result, Defendants have breached the Charter Party causing loss and damage to the Plaintiff in the principal amount of $181,421.89.

13.    Pursuant to the Charter Party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

14.    The Plaintiff is now preparing to commence London arbitration.

15.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff will be entitled to recover the following amounts under the final arbitration award:

|   |   |   |
|---|---|---|
| A. | Principal claim: | $181,421.89 |
| B. | Interest at 6.5% compounded Quarterly for three years | $37,726.61 |
| C. | Arbitration costs and fees | $22,000.00 |
| **Total** | | **$251,148.50** |

16.    Upon information and belief, Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING act as paying agents, or receiving agents, or arranges for other non-

parties to satisfy the debts and obligations of Defendant YONG HE and/or receives payments being made to Defendant YONG HE.

17.    Upon information and belief, Defendant YONG HE uses Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING, as "pass through" entities such that YONG HE can insulate itself from creditors relating to its commercial obligations.

18.    It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter party.

19.    Payments sent and/or received on behalf of another independent company, as described herein, are suggestive of a relationship that is not arms length.

20.    Upon information and belief, Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING made payments as described herein on behalf of Defendant YONG HE when they had no contractual obligation to YONG HE's creditors.

21.    Upon information and belief, Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING have made hire payments to the Plaintiff pursuant to the terms of the above identified Charter Party on YONG HE's behalf.

22.    Upon information and belief, Defendants PROSPER and JIANGSU have made hire payments under other charter parties on behalf of Defendant YONG HE. See Second Amended Verified Complaint in *Navision Shipping Co. v. Yong He Shipping (HK) Ltd., et al.*, Docket No. 07 Civ. 9571 (DC), attached as Exhibit 1; Second Amended Verified Complaint in *Padre Shipping, Inc. v. Yong He Shipping, et al*, Docket No. 07 Civ. 9682 (JFK), attached as Exhibit 2; Verified Second Amended Complaint in *Industrial Carriers Inc. v. Yong He Shipping (HK) Ltd, et. al.*, Docket No. 07 Civ. 9706 (PAC), attached as Exhibit 3, *Verified Amended Complaint in Isle Navigation v. Yong He Shipping (HK) Ltd., et al.*, Docket No. 08 Civ. 0230 (WHP), attached as Exhibit 4; *Ex Parte* Order Authorizing Process of Maritime Attachment and Garnishment in *Global*

*Logistics Group Ltd. v. Yong He Shipping (HK) Ltd. et. al.*, Docket No. 07 Civ. 10654 (SAS), attached as Exhibit 5.

24.    In the alternative, Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING are agents of Defendant YONG HE such that they will or may be soon holding assets belonging to Defendant YONG HE, or vice versa.

25.    In the further alternative, Defendants are partners and/or joint venturers.

26.    In the further alternative, Defendants are affiliated companies to the extent that Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING are now, or will soon be, holding assets of Defendant YONG HE, or vice versa.

27.    At all times material to this action, there existed a unity of ownership and interest between Defendant YONG HE and Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING that no separation existed between them and the corporate form of Defendant YONG HE has been disregarded such that it primarily transacts business of Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING and as a result, they are alter egos of each other.

28.    At all times material hereto, there has been commingling of funds between Defendant YONG HE and Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING and as a result, they are alter egos of each other.

29.    At all times material hereto, Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING made partial hire payments on behalf of YONG HE to the Plaintiff pursuant to the terms of the Charter Party when none of those Defendants were contractually obligated to do so.

30.    All times material hereto, Defendant YONG HE has dominated, controlled and used Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING for its own purpose and there is no meaningful difference between YONG HE and these entities, or vice versa.

31.    In the alternative, Defendant YONG HE has utilized Defendants YHSL, PROSPER, JIANGSU, CENTRANS, and TIASING to transfer funds through, to and from this District on its behalf or vice versa in an attempt to evade Process of Maritime Attachment, and therefore, such parties are alter egos of each other.

32.    Upon information and belief, Defendant YONG HE has engaged in the normal practice of using other entities as paying agents and alter egos to transfer funds through this District on its behalf in an attempt to evade Process of Maritime Attachment. See Defendants Named in Exhibits 1 through 5. (In addition to Yong He Shipping, there are seventeen other Defendants identified as paying agents in those actions who acted on behalf of Yong He).

33.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

34.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$251,148.50.**

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$251,148.50** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendants as a judgment of this Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.     That the Plaintiff has such other, further and different relief as the Court deems just,

proper and equitable.

Dated: New York, New York
          February 21, 2008

The Plaintiff,
KAS MARITIME SHIPPING LINES LTD.

By: _____
Claurisse Campanale-Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

8

## ATTORNEY'S VERIFICATION

State of Connecticut )
       )   ss.:   Town of Southport
County of Fairfield  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, Connecticut
     February 21, 2008

Claurisse Campanale-Orozco

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

NAVISION SHIPPING COMPANY A/S,

                Plaintiff,            :    07 Civ. 9517  )C)

- against -                  :    ECF CASE

YONG HE SHIPPING (HK) LTD., PROSPER
SHIPPING LIMITED, JIANGSU FING AGENCY LTD.,
JIANGSU FAREAST INTERNATIONAL SHIPPING
AGENCY LTD., THE OLD EASTERN
MEDITERRANEAN CO SA, CHINA MARINE
SHIPPING AGENCY TIANJIN COMPANY LTD.,
LIANYUNGANG FAREAST INTERNATIONAL
SHIPPING AGENCY CO. LTD., and SHANGHAI
FAREAST INTERNATIONAL SHIPPING AGENCY
CO. LTD. a/k/a FKISA,



                Defendants.
-----------------------------------------------------X

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff, NAVISION SHIPPING COMPANY A/S ("Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Second Amended Verified Complaint

against the Defendants, YONG HE SHIPPING (HK) LTD. ("Yong He"), PROSPER SHIPPING

LIMITED ("Prosper"), JIANGSU FING AGENCY LTD. ("Jiangsu Fing"), and JIANGSU

FAREAST INTERNATIONAL SHIPPING AGENCY LTD. ("Jiangsu), THE OLD EASTERN

MEDITERRANEAN CO SA ("OEM"), CHINA MARINE SHIPPING AGENCY TIANJIN

COMPANY LTD. ("China Marine"), LIANYUNGANG FAREAST INTERNATIONAL

SHIPPING AGENCY CO. LTD. ("Lianyungang"), and SHANGHAI FAREAST

INTERNATIONAL SHIPPING AGENCY CO. LTD. a/k/a FEISA ("Shanghai Fareast")

(collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the



Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 et seq., and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

3. Upon information and belief, Defendants were, and still are, foreign corporations, or other business entities organized and existing under foreign law.

## FIRST CAUSE OF ACTION

4. Paragraphs One through Three are hereby incorporated as Paragraphs Four through Six and made part hereof as if fully set forth at length herein.

7. At all material times, Plaintiff was the disponent Owner of the motor vessel "BRAVE JOHN" (hereinafter the "Vessel").

8. By a charter party dated July 7, 2007, Plaintiff chartered the Vessel to Yong He for the carriage of cargo. *See charter party annexed hereto as Exhibit "1."*

9. The charter party provides that hire is due in advance.

10. During the course of the charter, disputes arose between the parties regarding Yong He's failure to pay hire due and owing under the charter party. *See breakdown of outstanding hire annexed hereto as Exhibit "2."*

11. As a result of Yong He's breach of the charter party, Plaintiff has sustained damages in the principal amount of $2,044,357.18, exclusive of interest, arbitration costs and attorneys fees.

12. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

2

13.    Despite due demand, Yong He has failed and/or refused to pay the sums due and owing to Plaintiff.

14.    Thus, Plaintiff is preparing to commence arbitration proceedings on its claims

15.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

|   |   |   |
|---|---|---|
| A. | Principal claim: | $2,044,357.18 |
| B. | Interest on claims:<br>3 years at 6%, compounded quarterly | $399,913.41 |
| C. | Estimated attorneys' fees and expenses: | $200,000.00 |
| D. | Estimated arbitration costs: | $50,000.00 |

Total                                                                              2,694,270.99

16.    Upon information and belief, Yong He uses Defendants Prosper, Jiangsu Ping and Jiangsu as "paying/receiving agents" or "pass through" entities such that it can insulate itself from creditors relating to its contracts.

17.    It is not general practice in the maritime community, nor anywhere else, for independent companies to make or receive large payments on behalf of other independent companies.

18.    Payments sent or received on behalf of another independent company are suggestive of a relationship that is not "arms length."

19.    Upon information and belief, Defendants Prosper, Jiangsu Ping and Jiangsu make payments on Yong He's behalf where they have absolutely no contractual obligation to Yong He's creditors.

20.    Upon information and belief, Defendants Prosper, Jiangsu Fing and Jiangsu made hire payments with reference to the above charter on Yong He's behalf.

21.    In addition, upon information and belief Defendant Prosper has made hire payments under other charter parties on Yong He's behalf. *See Verified Complaint in Industrial Carriers Inc. v. Yong He Shipping (HK) Ltd. and Prosper Shipping Limited (Docket # 07 Civ. 9706), 'annexed hereto as Exhibit "3."*

22.    In the alternative, Defendants Prosper, Jiangsu Fing and Jiangsu are agents of Defendant Yong He, such that Defendants Prosper, Jiangsu Fing and Jiangsu are now, or will soon be, holding assets belonging to Yong He, or vice versa.

23.    In the further alternative, Defendants are partners and/or joint venturers.

24.    In the further alternative, Defendants are affiliated companies such that Defendants Prosper, Jiangsu Fing and Jiangsu and are now, or will soon be, holding assets belonging to Yong He, or vice versa.

## SECOND CAUSE OF ACTION

25.    Paragraphs One through Three are hereby incorporated as Paragraphs Twenty Five through Twenty Seven and made part hereof as if fully set forth at length herein.

28.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel to Yong He for the carriage of cargo.

29.    During the course of the voyage, Defendant OEM wrongfully and unlawfully authorized various shipping agents to issue and release pre-dated, clean on board bills of lading and provided the same with freight pre-paid wordings.

30.    As a result of OEM's unlawful authorization, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

4

31. Despite due demand, OEM has failed and/or refused to pay the sums due and owing to Plaintiff.

32. Thus, in due course, Plaintiff will commence proceedings against OEM in an appropriate forum to recover those amounts due under its claim.

33. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims:<br>Three years at 6%, compounded quarterly | 399,913.41 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |

Total                                                                                    2,694,270.59

## THIRD CAUSE OF ACTION

34. Paragraphs One through Three are hereby incorporated as Paragraphs Thirty Four through Thirty Six and made part hereof as if fully set forth at length herein.

37. By a charter party dated July 7, 2007, Plaintiff chartered the Vessel "Yong H" for the carriage of cargo.

38. Defendant China Marine wrongfully and unlawfully issued and returned pre-dated, clean on board bills of lading and also provided the same with the wording "freight pre-paid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

35. As a result of China Marine unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

40.     Despite due demand, China Marine has failed and/or refused to pay the sums due and owing to Plaintiff.

41.     Thus, in due course, Plaintiff will commence proceedings against Defendant in an appropriate venue to recover those amounts due under its claim.

42.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims: Three years at 6%, compounded quarterly | .599,913.4 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |

Total                                                                       2,694,270.59

## FOURTH CAUSE OF ACTION

43.     Paragraphs One through Three are hereby incorporated as Paragraphs Forty Three through Forty Five and made part hereof as if fully set forth at length herein.

45.     By a charter party dated July 7, 2007, Plaintiff chartered the Vessel "Yong He" for the carriage of cargo.

47.     Lianyungang wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading, and also provided the same with the wording "freight prepaid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

48.     As a result of Lianyungang's unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

6

49.    Despite due demand, Lianyungang has failed and/or refused to pay the sums due and owing to Plaintiff.

50.    Thus, in due course, Plaintiff will commence proceedings against Lianyungang in an appropriate venue to recover those amounts due under its claim.

51.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | 2,044,357.18 |
| B. | Interest on claims: Three years at 6%, compounded quarterly | 399,913.41 |
| C. | Estimated attorneys' fees and expenses: | 200,000.00 |
| D. | Estimated arbitration costs: | 50,000.00 |
| Total | | 2,694,270.59 |

## FIFTH CAUSE OF ACTION

52.    Paragraphs One through Three are hereby incorporated as Paragraphs Fifty Two through Fifty Four and made part hereof as if fully set forth at length herein.

53.    By a charter party dated July 7, 2007, Plaintiff chartered the Vessel > Yong He for the carriage of cargo.

56.    Shanghai Fareast wrongfully and unlawfully issued and released pre-dated, clean on board bills of lading, and also provided the same with the wording "freight prepaid" which was clearly inconsistent with the master's authorization to sign the bills of lading.

57.    As a result of Shanghai Fareast's unlawful authorization of the bills of lading, Plaintiff has suffered losses in the principle amount of $2,044,357.18, exclusive of interest, costs and attorneys fees.

58. Despite due demand, Lianyungang has failed and/or refused to pay the sums, due and owing to Plaintiff.

59. Thus, in due course, Plaintiff will commence proceedings against Lianyungang in an appropriate venue to recover those amounts due under its claim.

60. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s) and/or Judgment:

| | | |
|---|---|---|
| A. | Principal claim: | $2,044,357.18 |
| B. | Interest on claims: Three years at 6%, compounded quarterly | $399,913.41 |
| C. | Estimated attorneys' fees and expenses: | $200,000.00 |
| D. | Estimated arbitration costs: | $150,000.00 |

Total                                                                 $2,694,270.59

## PRAYER FOR RELIEF FOR ALL CAUSES OF ACTION

61. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

62. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by

8

the aforesaid garnishes for the purpose of obtaining personal jurisdiction over the Defendant(s), and to secure the Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Second Amended Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 et seq.;

C.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount $2,694,278.59 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Second Amended Complaint;

D.    That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

9

F.    In the alternative, that this Court enter judgment against the Defendant(s) in the

amount of $2,594,378.59 plus the costs and reasonable attorneys' fees incurred in the

prosecution of this action;

G.    That this Court award Plaintiff its attorney's fees and costs of this action; and

H.    That the Plaintiff have such other, further and different relief as this Court

may deem just and proper.

Dated: December 17, 2007
New York, NY

                    The Plaintiff
                    NAVISION SHIPPING COMPANY A/S


                    By: _____
                        Nancy R. Peterson (NP 2871)
                        Patrick F. Lennon (PL 2162)
                        LENNON, MURPHY & LENNON, LLC
                        420 Lexington Ave., Suite 300
                        New York, NY 10170
                        (212) 490-6050 – phone
                        (212) 490-6070 – fax
                        nrp@lenmur.com
                        pfl@lenmur.com

10

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )  ss.:  Town of Southport
County of Fairfield  )

    1.    My name is Nancy R. Peterson.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

    4.    I have read the foregoing Second Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    December 17, 2007
        New York, NY

                                  Nancy R. Peterson

11

EXHIBIT "1"

2707 2619

To: NAVISION CHARTERING A/S <chartering@navisiongroup.com>
From: GFI BROKERS LONDON <drycargo@gfigroup.co.uk>
Subject: [GB] brave john/yhs cp dated 12.7.2007
    Date: 12-07-2007 12:17:08    (printed 28-09-2007 12:12:36]
O... : "NAVISION CHARTERING A/S"
RCM: GFI Group
ATE: 12-JUL-2007 11:15
SG.: 989232

ster / dan

sry pled to confirm having fixed clean aaf cp dated 12 july 07:

.v. brave john ex prabhu jivesh (ex spring eagle)
slf trimming bulk carrier
alta flag built dec 1995-japan
irushima dockyard no:3010
rt of registry:valletta
assed abs (abs al hc-ams-accu), ism certified
'230 dwat on 11.20 mtrs draft
ntsr: 38155mt on 10.98mtrs
opical: 40270mt on 11.42mtrs
c loaded: 45.87 / tpd:116.5 / light : 41.79
11 sign 9 h a r 7 - inmarsat c: 421560410 brav
mail: 421540410@stratosmobile.net
one: 763616645 / fax:763616647
ficial class register no:83142421
o: 8307076
a/beam 185/28 mtrs
pth moulded: 15.4m
t/nrt 22005/12589
eg.grt/nrt 22775.85/19915.85
aama grt/nrt 23783.05/19106.73
zin/bale 47888.89/45951.76 cu.mtrs
idhssa grain/bale bapa
l  : 8,359.34 / 7,971.80
2  : 9,846.08 / 9,578.87
3  :10,238.34 / 9,895.94
l  : 9,844.73 / 9,533.50
5  : 9,300.40 / 8,982.15
.  :47,588.89 /45,961.76

ha          5/5 forward of bridge
ch covers   folding type hydraulically operated
ch sizes    #1 to 5 19.2 x 14.04 mtrs
            #3 floodable

cnfm vsls h.cvr not side opening n not side rolling
op clear of hoppers dimensions
nr.1 :  length  28.50 mtrs inner bulkhead corrugation
        breadth fwd 6.90 mtrs aft 18.40 mtrs
nr.2/3/4  length 28.50 mtrs inner bulkhead corrugation
        breadth 18.40 mtrs
nr. 5 : length .28.50 mtrs inner bulkhead corrugation
        breadth fwd 18.40 mtrs aft 9.75 mtrs

ght tt to main deck 13.80 mtrs tt to hacover 14.40 mtrs
istance waterline to top hatchcovers in light ballast:abt 11m
istance waterline to top hatchcovers in heavy ballast:abt 10.6m

es          4 of 25 tons

strengthened for heavy cargoes $2/4 may be empty
ngth of ttp/deck/h cover
tr.nr1-19.2 nr2-13.3 nr3-25.4 nr4-13.3 nr5-19.2 mt/mtr2

wck 3.0mt/mtr2

onstants: 300 mts excl fw
aily fresh water consuption:8mt
resh water capacity: 180mt
ax const incl fw: 400mt
ank capacity ifo: 1400mt . mdo:120mt

peed abt 12.50k on abt 24 mt ifo (180 cst) + 2.0 mt mdo at sea
ham idle abt . 1.5 mt mdo /when gear working abt 2.8 mt mdo.
peed/cons described in fair weather unexceeding beaufort scale 3.
peed/cons described from seabuoy to seabuoy and vsl consumes mdo for
avigating in channels and enclosed waters.

aster's nationality: Greek
fficers and crew nationality:philippinoes.

holub: west of angland
um value: usd 10mil
am insurer: london +italian market via cambiasc risso of genova.

ast s.survey date:sept 2003 at china - zhengxi shipyard
ast dd: may 2006  at piraeus

ustralia hold ladders fitted
.tf: bona fide  .
sl is under present management: since 11/04/2003

mers:oresteia shipping ltd, malta
magers: p+p shipping co (hellas) s.a.
              7. platonos street  - piraeus 185 35
              greece
              tel:+30210-4224112/5  fax:+30210-4224119  tlx:211732 papa gr
              e-mail:papanhes@otenet.gr
· all details about

] a

· A/C YONG HE SHIPPING(HK) LTD

· DELY DLOSP , ZHANJIANG, CHINA ATDNSEINC

· LYCN 21/25 JULY (0001/2400 HRS LT) 2007

· FOR 1 TCT WITH INT STEELS AND GENERALS LAWFULL AND HARMLESS,
WITH DECK OPTION, VIA SPS SRS SSS AA AWIWL

- estimated duration for cp purposes abt 60 days wog

- redely on dlosp full med as per owe btb cp atdnshinc, port in chopt

- HIRE USD 34500 DIOT FIRST 50 DAYS AND USD 36500 THEREAFTER

- 1st hire plus bod to be paid on dely
2nd hire to be 45 days and to be paid 15 dys after dely
3rd hire upto expected redely incl bunker adjustment
any subsequent hire(s) to be paid in advance as/if becomes due

= vessel to deliver with bunkers remaining on board estimated to be
abt 500-600 mts ifo and abt 50-60 mts mdo. vessel to be redel with
abt 500 mts ifo and abt 50 mts mdo. prices bends usd 340 pmt ifo
and abt usd 625 pmt mdo.

= ILOHC/CVE AS PER B2B CP

- CARGO/TRADING EXCL AS PER B2B CP

owise as per ows btb cp logically amended

5ttl owners

ND

hanks vm fixture

*******************************************************************

his email and any files transmitted with it are confidential and
atended solely for the use of the individual or entity to whom they
re addressed. If you have received this email in error please notify
1e system manager.

immunications sent from our London offices are, unless stated otherwise, sent on
half of
'I Holdings Limited, a limited company registered in England and Wales with
:gistered
'fice located at 1 Snowden Street, London EC2A 2DQ and registered number 03495222

is footnote also confirms that this email message has been swept by
MEsweeper for the presence of computer viruses.

x.timeswmaper.com
*******************************************************************

is email has been scanned by the MessageLabs Email Security System.
: more information please visit http://www.messagelabs.com/email

EXHIBIT "2"

EXHIBIT "2"

Navision Shipping Company A/S
c/o Navision Chartering A/S
Strandvejen 102 E * DK-2900 Hellerup * Denmark

Navision Shipping
Company A/S

25 November 2007

Yong Ho Shipping (HK) Ltd.
c/o GFI Brokers Ltd
1 Snowden Street
Broadgate West
London, UK-E1 6DB
United Kingdom

## Hire Statement Recap

m.v. Brave John - C/P 12 July 2007 - F050256 C183

| Date of delivery: | 23-07-07 18:30 UTC | | | |
|---|---|---|---|---|
| Date of redelivery: | 26-11-37 11:10 UTC | | | |
| Total days on hire: | 125.894444 | | | |
| Bunker quantities mt: | IFO | MDO | MGO | |
| Delivery: | 467.00 | 46.50 | 0.00 | |
| Redelivery: | 528.46 | 45.44 | 0.00 | |
| Bunkerprices USD: | | | | |
| Delivery: | 340.00 | 625.00 | 0.00 | |
| Redelivery: | 340.00 | 625.00 | 0.00 | |

### T/C Hire:                                                                  USD

23/07 18:30 hrs - 11/09 18:30 hrs UTC          50 days at USD 34,500.00
                                                                                    1,725,000.00

11/09 18:30 hrs - 26/11 11:10 hrs UTC          75.894444 days at USD 35,500.00
                                                                                    2,697,182.76

Commissions deducted          3.75%
                                                                                    (165,463.73)

Bunkers on delivery
IFO 467 mts at USD 340
MDO 46.5 mts at USD 625                                                159,780.00
                                                                                    29,062.50

Bunkers on redelivery
IFO 528,464 mts at USD 340
MDO 45,439 mts at USD 625                                              (179,677.76)
                                                                                    (28,399.38)

Communication/Entertainment/Victualling USD 1,253 per 30 days
                                                                                    5,237.27

In lieu of hold cleaning
                                                                                    5,000.00

**Payments:**

| | |
|---|---:|
| Payment 1 – 1st hire | (686,561.25) |
| Payment 2a – 10 AUG "430,000 USD" | (430,000.00) |
| Payment 2b – 10 AUG "30,000 USD" | (30,000.00) |
| Payment 3 – 16 AUG "330,000 BEING PART OF 1,045,000" | (315,781.25) |
| Payment 4 – 20 AUG "330,000 BEING PART OF 1,045,000" | (310,000.00) |
| Payment 5 – 29 AUG "430.000,00 BEING PART OF STM 2" | (430,000.00) |

| | |
|---|---:|
| **Balance in Owners favour** | **2,034,357.18** |

EXHIBIT "3"

ECF

## U.S. District Court
### United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:07-cv-09706-PAC

| | |
|---|---|
| dustrial Carriers Inc. v. Yong He Shipping HK Ltd. et al | Date Filed: 11/01/2007 |
| signed to: Judge Paul A. Crotty | Jury Demand: None |
| mand: $834,000 | Nature of Suit: 120 Contract: Marine |
| use: 28:1333 Admiralty | Jurisdiction: Federal Question |

**aintiff**

**dustrial Carriers Inc.**    represented by **Claurisse Ann Campanale-Orozco**
Tisdale Law Offices, LLC
11 West 42nd Street
Suite 900
New York, NY 10036
(212) 354-0025
Fax: (212) 869-0067
Email: Corozco@tisdale-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Leonard Tisdale**
Tisdale Law Offices, LLC
11 West 42nd Street
Suite 900
New York, NY 10036
(212)354-0025
Fax: (212)869-0067
Email: ttisdale@tisdale-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**De endant**

**Y g He Shipping HK Ltd.**

**De ndant**

**Pr sper Shipping Limited**

| D: e Filed | # | Docket Text |
|---|---|---|
| 11 1/2007 | 1 | COMPLAINT against Yong He Shipping HK Ltd., Prosper Shipping |

| | | Limited. (Filing Fee $ 350.00, Receipt Number 631665)Document filed by Industrial Carriers Inc.(jpo) (Entered: 11/05/2007) |
|---|---|---|
| 1/01/2007 | | SUMMONS ISSUED as to Yong He Shipping HK Ltd., Prosper Shipping Limited. (jpo) (Entered: 11/05/2007) |
| 1/01/2007 | | Magistrate Judge Kevin N. Fox is so designated. (jpo) (Entered: 11/05/2007) |
| 1/01/2007 | | Case Designated ECF. (jpo) (Entered: 11/05/2007) |
| 1/01/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Industrial Carriers Inc.(jpo) (Entered: 11/05/2007) |
| 1/01/2007 | 4 | EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, etc. or any other funds of property up to the amount of $834,283.40 belonging to, due or being transferred to, from or for the benefit of the Defendant, including but not limited but not limited to such property as may be held, received or transferred in Defendant's name(s), or as may be held, received or transferred for its benefit at, moving though, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, or later identified, on whom a copy of the Process of Maritime Attachment and Garnishment may be served. Supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court. Pursuant to F.R.C.P. 5(b) (2)(D) each garnishee may consent, in writing, to accept service by any other means. So Ordered. (Signed by Judge Paul A. Crotty on 11/1/07) (jco) (Entered: 11/21/2007) |
| 1/01/2007 | 5 | ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT. TO F.R.C.P. RULE 4(C) Thomas L. Tisdale, Clairisse A. Campanale-Orozco, Lauren C. Davies or any other partner, associate, paralegal or other agent of TISDALE LAW OFFICES, LLC be and is hereby appointed to serve the Verified Complaint, Process of Maritime Attachment and Garnishment, Interrogatories and other process upon Defendant herein and upon the garnishee(s) listed in the Order, together with any other garnishee(s) who, based upon information developed subsequent hereto by Plaintiffs, may hold assets for or on account of the Defendant. So Ordered. (Signed by Judge Paul A. Crotty on 11/1/07) (jco) (Entered: 11/21/2007) |
| 11/02/2007 | | MARITIME ATTACHMENT AND GARNISHMENT ISSUED as to Yong He Shipping HK Ltd., Prosper Shipping Limited on 11/1/07 in the amount of $834,283.40. (cd) (Entered: 11/05/2007) |
| 11/05/2007 | 3 | AFFIDAVIT of Clairisse Campanale-Orozco in Support re: Maritime Attachment and Garnishment Issued. Document filed by Industrial Carriers Inc.. (Campanale-Orozco, Clairisse) (Entered: 11/05/2007). |

| 1/29/2007 | | MARITIME ATTACHMENT AND GARNISHMENT ISS' JED as to Yong He Shipping HK Ltd., Prosper Shipping Limited on 1 1/29/2007 in the amount of $2,881,145.02. (jmi) (Entered: 12/03/2007) |
|---|---|---|
| /29/2007 | 6 | AMENDED ORDER APPOINTING SPECIAL PROCESS SERVER PURSUANT TO F.R.C.P. RULE 4(C) Thomas L. Tisdale, Claurisse A Campanale-Orozco, Lauren C. Davies or any other partner, associate, paralegal or other agent of TISDALE LAW OFFICES, LLC be and is hereby appointed to serve the Verified Complaint, Process of Maritime Attachment and Garnishment, Interrogatories and other process upon Defendant herein and upon the garnishee(s) listed in the Order, together with any other garnishee(s) who, based upon information developed subsequent hereto by Plaintiffs, may hold assets for or on account of the Defendants. So Ordered. (Signed by Judge Paul A. Crotty on 11/29/07) (jco) (Entered: 12/05/2007) |
| 1 /29/2007 | 7 | AMENDED EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, etc. or any other funds or property up to the amount of $2,881,145.02 belonging to, due or being transferred to from or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served. Supplemental process enforcing the Court's Order may be issued and served without further Order of the Court. Pursuant to F.R.C.P. 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means. So Ordered. (Signed by Judge Paul A. Crotty on 11/29/07) (jco) (Entered: 12/05/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/06/2007 14:39:14 | | |
| PACER Login: lm2533 | Client Code: | |
| Description: | Docket Report | Search Criteria: 1:07-cv-09706-PAC |
| Billable Pages: 2 | Cost: | 0.16 |

# EXHIBIT 2

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Padre Shipping, Inc.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

PADRE SHIPPING, INC.,

                                        Plaintiff,

            v.

YONG HE SHIPPING, also known as,
YONG HE SHIPPING (HK) LIMITED;
PROSPER SHIPPING LIMITED;
SHANGHAI COSFAR SHIPPING
INTERNATIONAL CO. LTD.; AGEAN CARRIERS;
GOLDEN TAI SHIPPING LIMITED, SOUTH
AGEAN SHIPPING: CHANGSHU HOTHEART
INTERNATIONAL SHIPPING AGENCY;
TIANJIN PORTRANS INTERNATIONAL
SHIPPING AGENCY CO., LTD. and,
LIANYUNGANG FAREAST INTERNATIONAL
SHIPPING.

                                        Defendants.
---------------------------------------------------------------X



07  CV  9682 (JFK)

**SECOND AMENDED
VERIFIED COMPLAINT**

Plaintiff PADRE SHIPPING, INC., by its attorneys, as and for its Second

Amended Verified Complaint against the Defendants, YONG HE SHIPPING, which is

also known as YONG HE SHIPPING (HK) LIMITED, PROSPER SHIPPING

LIMITED, SHANGHAI COSFAR SHIPPING INTERNATIONAL CO. LTD., AGEAN

CARRIERS, GOLDEN TAI SHIPPING LIMITED, SOUTH AGEAN SHIPPING,

CHANGSHU HOTHEART INTERNATIONAL SHIPPING AGENCY; TIANJIN

PORTRANS INTERNATIONAL SHIPPING AGENCY CO., LTD. and,

LIANYUNGANG FAREAST INTERNATIONAL SHIPPING alleges upon information

and belief as follows:

<u>JURISDICTION</u>

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

<u>THE PARTIES</u>

2.      At all times material hereto, Plaintiff PADRE SHIPPING LIMITED

(hereinafter "PADRE") was and still is a foreign business entity duly organized and

existing pursuant to the laws of Liberia.

3.      The plaintiff PADRE is the Owner of the ocean going vessel known as the

M/V PADRE.

4.      At all times material hereto, Defendant YONG HE SHIPPING, also

known as YONG HE SHIPPING (HK) LIMITED (hereinafter collectively referred to as

"YONG HE"), was and still is a foreign business entity duly organized and existing

pursuant to the laws of Hong Kong with an office and principal place of business in Hong

Kong, S.A.R. People's Republic of China.

2

5. The Defendant YONG HE is engaged in the business of transporting cargo by ocean vessel.

6. The Defendant PROSPER SHIPPING LIMITED (hereinafter "PROSPER") was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country.

7. The Defendant PROSPER is the alter-ego of the defendant YONG HE, and it is liable for the debts of YONG HE.

8. The Defendant SHANGHAI COSFAR SHIPPING INTERNATIONAL CO. LTD. (hereinafter "SHANGHAI") was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country.

9. The Defendant SHANGHAI is the alter-ego of the defendant YONG HE, and it is liable for the debts of YONG HE.

10. The Defendant AGEAN CARRIERS (hereinafter referred to as "AGEAN"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place of business in a foreign country.

11. The Defendant AGEAN is the alter-ego of the defendant YONG HE, and it is liable for the debts of YONG HE.

3

12.    At all times material hereto, Defendant GOLDEN TAI SHIPPING

LIMITED (hereinafter referred to as "GOLDEN TAI"), was and still is a foreign

business entity duly organized and existing pursuant to the laws of a foreign country with

an office and principal place of business in a foreign country.

13.    The Defendant GOLDEN TAI is the alter-ego of the defendant YONG

HE, and it is liable for the debts of YONG HE.

14.    At all times material hereto, Defendant SOUTH AGEAN SHIPPING

(hereinafter referred to as "SOUTH AGEAN"), was and still is a foreign business entity

duly organized and existing pursuant to the laws of a foreign country with an office and

principal place of business in a foreign country.

15.    The Defendant SOUTH AGEAN is the alter-ego of the defendant YONG

HE, and it is liable for the debts of YONG HE.

16.    At all times material hereto, Defendant CHANGSHU HOTHEART

INTERNATIONAL SHIPPING AGENCY (hereinafter referred to as "CHANGSHU"),

was and still is a foreign business entity duly organized and existing pursuant to the laws

of a foreign country with an office and principal place of business in a foreign country.

17.    The Defendant CHANGSHU is the alter-ego of the defendant YONG HE,

and it is liable for the debts of YONG HE.

18.    At all times material hereto, Defendant TIANJIN PORTRANS

INTERNATIONAL SHIPPING AGENCY CO., LTD. (hereinafter referred to as

4

"TIANJIN"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place of business in a foreign country.

19.    The Defendant TIANJIN is the alter-ego of the defendant YONG HE, and it is liable for the debts of YONG HE.

20.    At all times material hereto, Defendant LIANYUNGANG FAREAST INTERNATIONAL SHIPPING (hereinafter referred to as "LIANYUNGANG"), was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place of business in a foreign country.

21.    The Defendant LIANYUNGANG is the alter-ego of the defendant YONG HE, and it is liable for the debts of YONG HE.

## THE MARITIME CONTRACT

22.    On August 29, 2007, PADRE, as owner of the ocean going vessel M/V PADRE, entered into a charter party contract with YONG HE, as charterer, whereby YONG HE hired the M/V PADRE to perform a voyage, and carry YONG HE's cargo, from China to ports in the Mediterranean Sea.

23.    In exchange for the use of the M/V PADRE to carry its designated cargo, and as provided for in the charter party dated August 29, 2007, the Defendant YONG HE

5

agreed to pay hire to PADRE in the amount of $36,000.00 per day every 15 days in advance.

24.    As provided for in the charter party dated August 29, 2007, failing the punctual and regular payment of the hire or on any fundamental breach whatsoever of the charter party, the vessel Owner was permitted to withdraw the vessel from the Charterer's service without prejudice to any claims the Owner may otherwise have against the Charterer.

25.    As provided for in the charter party dated August 29, 2007, the failure to make punctual and regular payments of hire due to oversight, negligence, errors or omissions on the part of the Charterers or their bankers was excusable provided the Owner gave written notice of the default and the payment was effected within three (3) days.

26.    As provided for in the charter party dated August 29, 2007, any and all disputes between PADRE and YONG HE arising from the charter of the M/V PADRE were to be arbitrated in London and all disputes under the charter party are governed by English law.

27.    The charter party contract between plaintiff PADRE and defendant YONG HE is a maritime contract.

6

28.    In accordance with the maritime contract, the M/V PADRE was delivered to YONG HE on September 24, 2007.

## AS AND FOR A CAUSE OF ACTION
## AGAINST PADRE FOR BREACH OF MARITIME CONTRACT

29.    When the M/V PADRE was delivered to YONG HE on September 24, 2007, YONG HE was obligated to pay the first hire payment and, also, pay for the value of the fuel then on board the vessel.

30.    In breach its obligations under the charter party, YONG HE failed to pay the first hire payment on September 24, 2007 and it has persistently failed to pay hire on time in breach of the charter.

31.    In breach of the charter party, YONG HE did not pay the first hire payment and did not pay for the fuel until October 3, 2007 and October 9, 2007.

32.    In accordance with the terms and conditions of the charter party, the second hire payment became due and payable on October 9, 2007, but YONG HE failed to make that payment.

33.    In accordance with the terms of conditions of the charter party. PADRE provided YONG HE with notice of default concerning the second hire payment on October 12, 2007, but YONG HE still failed to effect payment within three (3) days.

7

33.    PADRE placed YONG HE on notice that the payments of hire had to be made in accordance with the terms and conditions of the charter party, failing which PADRE would withdraw the vessel.

34.    YONG HE ultimately paid the second hire payment on October 26, 2007.

35.    The third hire payment, in the amount of US$524,280.00, became due on October 24, 2007, but YONG HE failed to make that payment.

36.    In accordance with the terms and conditions of the charter party, PADRE placed YONG HE on notice of default with respect to the third hire payment on October 24, 2007, but YONG HE has failed to effect payment within three (3) days and is in breach of its contractual obligations under the charter party.

37.    YONG HE has also failed to make full payment for the fourth hire payment, leaving $1,257.33 still due and owing from the total amount of the fourth hire payment that was due.

38.    The fifth hire payment, in the amount of US$527,250.00, became due on November 23, 2007, but YONG HE failed to make that payment.

39.   In breach its obligations under the charter party, YONG HE has also failed to pay $41,950.00 for Marine Gas Oil and barge expenses incurred in the amount of $41,950.00.

40.   By reason of YONG HE's repeated breaches of the maritime contract, PADRE has served notice on YONG HE that PADRE it will avail itself of all of its legal and contractual remedies including, but not limited to, withdrawal of the vessel, suspension of services and arbitration at London.

41.   Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English law.

42.   As best as can now be estimated, the Plaintiff PADRE expects to recover the following amounts from YONG HE in London arbitration:

| | | |
|---|---|---|
| A. | Principal claim for unpaid hire: | $1,094,737.30 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $ 293,654.25 |
| C. | Estimated attorneys' fees: | $ 100,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 50,000.00 |
| **Total** | | **$1,538,391.55** |

AS AND FOR A CAUSE OF ALTER-EGO LIABILITY
AGAINST DEFENDANTS PROSPER, SHANGHAI, AGEAN,
GOLDEN TAI, SOUTH AGEAN, CHANGSHU, TIANJIN and LIANYUNGANG

43.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs "1" through "42" of the Verified Complaint as though set forth at length

herein.

44.    At all material times, there existed such unity of ownership and interest

between Defendant YONG HE and Defendants PROSPER, SHANGHAI, AGEAN,

GOLDEN TAI, SOUTH AGEAN, CHANGSHU, TIANJIN and LIANYUNGANG

that no separation existed between them and the corporate form of Defendant YONG HE

has been disregarded such that Defendant YONG HE primarily transacted the business of

Defendants PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN,

CHANGSHU, TIANJIN and/or LIANYUNGANG and, therefore, they are the alter egos

of each other.

45.    At all material times, Defendant YONG HE chartered the M/V PADRE in

the name of Defendants PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH

AGEAN, CHANGSHU, TIANJIN and/or LIANYUNGANG such that Defendants

PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN, CHANGSHU,

TIANJIN and/or LIANYUNGANG were the charterer of the M/V PADRE.

10

46.     At all material times, Defendant YONG HE and Defendants PROSPER,

SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN, CHANGSHU, TIANJIN

and/or LIANYUNGANG have or had overlapping ownership, management, personnel

and purposes such that Defendant YONG HE and Defendants PROSPER, SHANGHAI,

AGEAN, GOLDEN TAI, SOUTH AGEAN, CHANGSHU, TIANJIN and/or

LIANYUNGANG did not and do not operate at arms length.

47.     At all material times, there has been an intermingling of funds between

Defendant YONG HE and Defendants PROSPER, SHANGHAI, AGEAN, GOLDEN

TAI, SOUTH AGEAN, CHANGSHU, TIANJIN and/or LIANYUNGANG.

48.     On October 3, 2007 and, again on, October 26, 2007, the alter ego

defendant PROSPER made hire payments on behalf YONG HE in respect of the M/V

PADRE to satisfy the contractual obligations of its alter ego YONG HE in circumstances

where PROSPER was not contractually obligated to PADRE.

49.     At all material times, the alter ego defendant AGEAN issued bills of

lading for the cargo shipped on board the M/V PADRE in satisfaction of the contractual

obligations of its alter ego YONG HE.

50.     On at least one occasion, the defendant GOLDEN TAI made arrangements

to remit money to the Defendant SOUTH AGEAN who, in turn, made a partial payment

of hire to PADRE to satisfy the contractual obligations of theirs alter ego YONG HE in

11

circumstances where neither GOLDEN TAI nor SOUTH AGEAN were not contractually obligated to PADRE.

51.    At all material times, the Defendants CHANGSHU, TIANJIN and LIANGYUNGANG were agents of the defendant YONG HE, and those entities made partial hire payments on behalf of the defendant YONG HE in circumstances where neither GOLDEN TAI nor SOUTH AGEAN were not contractually obligated to PADRE.

52.    At all material times, Defendants PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN, CHANGSHU, TIANJIN and/or LIANYUNGANG have dominated, controlled and used the Defendant YONG HE for their own purposes such that there is no meaningful difference between the several entities, or vice versa.

53.    At all material times, Defendants PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN, CHANGSHU, TIANJIN and/or LIANYUNGANG have disregarded the corporate form of Defendant YONG HE to the extent that Defendant YONG HE was actually carrying on the business and operations of PROSPER and SHANGHAI as if the same were its own, or vice versa.

54.    There are reasonable grounds to conclude that the Defendants PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN, CHANGSHU, TIANJIN and/or LIANYUNGANG are the alter egos of Defendant YONG HE and, therefore, Plaintiff PADRE has a valid prima facie *in personam* claim against Defendants

12

PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN, CHANGSHU,

TIANJIN and/or LIANYUNGANG based upon alter ego liability.

55.    Additionally, and/or alternatively, the Defendant YONG HE utilizes the

Defendants PROSPER, SHANGHAI, AGEAN, GOLDEN TAI, SOUTH AGEAN,

CHANGSHU, TIANJIN and/or LIANYUNGANG to transfer funds through, to and from

the Southern District of New York on its behalf or vice versa in an attempt to evade

Process of Maritime Attachment and, therefore, such parties are .

## PRAYER FOR RELIEF

56.    Notwithstanding the fact that the liability of the putative Defendants is

subject to determination by arbitration in London, there are now, or will be during the

pendency of this action, certain assets, accounts, freights, monies, charter hire, credits,

effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the Defendants within this District and held by various

parties, as garnishees.

57.    Plaintiff PADRE believes that some of these assets, *to wit*: bank accounts;

payments of freight and/or hire from the shippers of the cargoes on board the M/V

PADRE and/or other cargoes on other vessels chartered by YONG HE and its alter egos;

freight and/or hire payments being made to other vessel owners for vessels chartered by

YONG HE and its alter egos; Clearing House Interbank Payment System (CHIPS)

credits; and/or miscellaneous funds and payments, are being electronically transferred

13

through intermediary banks located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

58.    As set forth in the accompanying affidavit of Owen F. Duffy, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

59.    Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendants, in the event that the Defendants challenge the jurisdiction of the London arbitrators, so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.    That the Defendants be summoned to appear and answer this Verified Complaint;

14

B.     That the Defendants not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like, whether tangible or intangible, belonging to or claimed by the Defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.     That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US $1,538,391.55, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.     That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
          December 6, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PADRE SHIPPING, INC.

By: _____
          Owen F. Duffy (OD-3144)
          George E. Murray (GM-4172)
          366 Main Street
          Port Washington, New York 11050
          Tel: (516) 767-3600 / Fax: (516) 767-3605

15

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
Padre Shipping, Inc.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PADRE SHIPPING, INC.,

                              Plaintiff,

                                                    07 CV 9682 (JFK)

          v.
                                                    **VERIFICATION**

YONG HE SHIPPING, also known as,
YONG HE SHIPPING (HK) LIMITED;
PROSPER SHIPPING LIMITED;
SHANGHAI COSFAR SHIPPING
INTERNATIONAL CO. LTD.; AGEAN CARRIERS;
GOLDEN TAI SHIPPING LIMITED, SOUTH
AGEAN SHIPPING: CHANGSHU HOTHEART
INTERNATIONAL SHIPPING AGENCY;
TIANJIN PORTRANS INTERNATIONAL
SHIPPING AGENCY CO., LTD. and,
LIANYUNGANG FAREAST INTERNATIONAL
SHIPPING.

                              Defendants.

-----------------------------------------------------------------X

STATE OF NEW YORK        :
                                        : ss.
COUNTY OF NASSAU      :

          BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy, who, after being duly sworn, did depose and state:

          1.          That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, PADRE SHIPPING, INC., herein;

2.  That he has read the foregoing complaint and knows the contents thereof;

3.  That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4.  That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
       December 6, 2007

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Plaintiff,
                                PADRE SHIPPING, INC.

By:

                                Owen F. Duffy (OD-3144)
                                George E. Murray (GM-4172)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel:  (516) 767-3600
                                Fax:  (516) 767-3605

Subscribed and sworn to before me this
December 6, 2007

Notary Public, State of New York
       GEORGE E. MURRAY
    Notary Public, State of New York
         No. 02MU6108120
     Qualified in New York County
  Commission Expires April 12, 2008

2

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

INDUSTRIAL CARRIERS INC.,                          :

                    Plaintiff,                     :

              - against -                          :

                                                   :      07 CV 9706 (PAC)
YONG HE SHIPPING (HK) LTD., PROSPER               :      ECF CASE
SHIPPING LIMITED, AEGEAN CARRIERS                 :
S.A., a/k/a OLD EASTERN MEDITERRANEAN             :
SHIPPING CO., and GOLDEN TAI SHIPPING             :
LIMITED                                            :

                    Defendants.                    :
-------------------------------------------------------------X



## VERIFIED SECOND AMENDED COMPLAINT

Plaintiffs, INDUSTRIAL CARRIERS INC. ("ICI"), by and through its attorneys, Tisdale

Law Offices, LLC for its Verified Complaint against the Defendants, YONG HE SHIPPING (HK)

LTD. ("YONG HE"), PROSPER SHIPPING LTD. ("PROSPER"), AEGEAN CARRIERS, S.A.

("AEGEAN") a/k/a THE OLD EASTERN MEDITERRANEAN SHIPPING CO. ("OLD

EASTERN") and GOLDEN TAI SHIPPING LIMITED ("GOLDEN TAI"), (collectively

"Defendants") alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff ICI was, and still is, a foreign company

or other business entity organized under and existing by virtue of foreign law with a principal place

of business in the Marshall Islands.

3.    Upon information and belief, Defendant Yong He was a foreign corporation or other

business entity organized under and existing by virtue of foreign law with a place of business in

Hong Kong and was the Owner of the Vessel VARIOS IPIROS HELLAS ("Vessel").

7.    Upon information and belief, at all materials times, Defendant Aegean was a foreign corporation, or other business entity, organized under and existing by virtue of foreign law organized in the Marshal Islands with a place of business in Greece and was also known as The Old Eastern Mediterranean Shipping Co.

8.    Upon information and belief, Defendant Aegean is a paying agent of Defendant Yong He who made partial charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

9.    Upon information and belief, at all materials times, Defendant Old Eastern was a foreign corporation, or other business entity, organized under and existing by virtue of foreign law organized in the Marshal Islands with a place of business in Greece and is also known as Aegean Carriers S.A.

10.    Upon information and belief and at all material times, Defendant Golden Tai was a foreign corporation or other business entity organized and existing by virtue of foreign law with a place of business in Hong Kong.

12.    Upon information and belief, Defendant Golden TAi is a paying agent of Defendant Yong He who made payments related to the Vessel under this charter party, including payments for bunkers and canal charges on behalf of Yong He, pursuant to the Charter Party identified below.

13.    Pursuant to a NYPE Time Charter Party with Riders, dated October 2, 2007, Plaintiff chartered its Vessel to Yong He for the shipment of bulk or bagged general cargoes.

14.    The Charter Party required Defendant to pay charter hire in the amount of "$43,000 DIOT [daily, including overtime] payable every 15 days in advance to owners nominated bank account."

2

15.     Defendants have failed to pay advance charter hire due to Plaintiff as per the charter party terms and as a result, Defendants have breached the Charter Party causing loss and damage to the Plaintiff in the amount of $2,805,465.90.

16.     Pursuant to the Charter Party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

17.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Andromeda will be entitled to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $2,805,465.90 |
| B. | Interest at 6.5% compounded Quarterly for three years | $598,707.69 |
| C. | Arbitration costs and attorneys fees | $65,000.00 |
| **Total** | | **$3,469,173.59** |

18.     Upon information and belief, Defendants Prosper, Aegean and Golden Tai are paying and receiving agents acting on behalf of Defendant Yong He so that Defendant Yong He can insulate itself from creditors related to its contractual obligations, including the charter party identified herein.

19.     Upon information and belief, the partial charter hire payments made by Defendant Prosper and Defendant Aegean to the Plaintiff, and the Vessel charges that are the responsibility of the Charterer which were paid by Golden Tai, were made without any contractual obligation to Yong He.

20.     It is not a general practice within the maritime community for independent companies to make or receive payments on behalf of other independent companies and such payments are suggestive of a relationship that is not at "arms length."

21.     The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York Mellon, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, BNP Paribas, Standard Chartered Bank, Wachovia Bank N.A., Societe Generale and/or Barclays Bank which are believed to be due and owing to the Defendants.

17.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York Mellon, BNP Paribas, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A.,

4

Barclays Bank, and/or Societe Generale, which are due and owing to the Defendants, in the amount of **$3,469,173.59** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

      C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

      D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
      December 14, 2007

          The Plaintiff,
          INDUSTRIAL CARRIERS INC.

      By:

          Claurisse Campanale-Orozco (CC 3581)
          Thomas L. Tisdale (TT 5263)
          TISDALE LAW OFFICES, LLC
          11 West 42nd Street, Suite 900
          New York, NY 10036
          (212) 354-0025 – phone
          (212) 869-0067 – fax
          corozco@tisdale-law.com
          ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )    ss.:    Town of Southport
County of Fairfield  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, Connecticut
          December 14, 2007

_Claurisse Campanale-Orozco_
Claurisse Campanale-Orozco

6

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ISLE NAVIGATION INC.,

        Plaintiff,

 - against -

YONG HE SHIPPING (HK) LTD., PROSPER
SHIPPING LIMITED, GOLDED TAI SHIPPING
LTD a/k/a GOLDEN TAI SHIPPING LTD, and
SHANGHAI COSFAR INT'L CO. LTD.
a/k/a COSFAR

        Defendants.
-------------------------------------------------------------X

08 CV 0230 (WP)
ECF CASE



JAN 17 2008

U.S.D.C. S.D. N.Y.
CASHERS

## VERIFIED AMENDED COMPLAINT

Plaintiffs, ISLE NAVIGATION INC. ("ISLE"), by and through its attorneys, Tisdale Law

Offices, LLC for its Verified Complaint against the Defendants, YONG HE SHIPPING (HK) LTD.

("YONG HE"), PROSPER SHIPPING LTD. ("PROSPER"), GOLDED TAI SHIPPING LTD. a/k/a

GOLDEN TAI SHIPPING LTD ("GOLDED TAI") and SHANGHAI COSFAR INT'L CO. LTD.

a/k/a COSFAR ("COSFAR") (collectively "Defendants") alleges, upon information and belief, as

follows:

    1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.     At all times material to this action, Plaintiff ISLE was, and still is, a foreign company

or other business entity organized under and existing by virtue of foreign law with a principal place

of business in Liberia.

    3.     Upon information and belief, Defendant Yong He was a foreign corporation or other

business entity organized under and existing by virtue of foreign law with a principal place of

business in Hong Kong and was the Owner of the Vessel M/V APLANTA ("Vessel").

4.    Upon information and belief, at all material times, Defendant Prosper was a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business in Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

5.    Upon information and belief at all material times, Defendant GOLDED TAI was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Hong Kong and was a paying agent who made several charter hire payments on behalf of Yong He, pursuant to the Charter Party identified below.

6.    Upon information and belief and at all material times, Defendant SHANGAI COSFAR INT'L CO. LTD. which is also known as COSFAR, was a foreign corporation or other business entity, organized under and existing by virtue of foreign law with a principal place of business in Beijing and guaranteed Yong He's performance of the Charter Party identified below.

7.    Pursuant to a standard NYPE Time Charter Party with Riders, dated October 26, 2007, Plaintiff chartered its Vessel to Yong He for the shipment of steel cargo from China to Algeria and Spain.

8.    The Charter Party required Defendant to pay charter hire in the amount of USD$55,000 per day payable every 15 days in advance to Plaintiffs.

9.    Defendants have failed to pay advance charter hire due to Plaintiff as per the charter party terms and as a result, Defendants have breached the Charter Party causing loss and damage to the Plaintiff in the amount of $2,518,228.39.

10.    Pursuant to the Charter Party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, ISLE will be entitled to recover the following amounts under any final arbitration award:

|  |  |  |
|---|---|---|
| A. | Principal claim: | $2,518,228.39 |
| B. | Interest at 6.5% compounded Quarterly for three years | $537,409.02 |
| C. | Arbitration costs and fees | $200,000.00 |
| **Total** |  | **$3,255,637.41** |

12.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

13.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$3,255,637.41.**

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order

3

directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$3,255,637.41** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendants as a judgment of this Court;

D.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.    That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: New York, New York
      January 17, 2008

The Plaintiff,
ISLE NAVIGATION INC.

By: _Claurisse C Orozco_

Claurisse Campanale-Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 -- fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of Connecticut )
                    )    ss.:    Town of Southport
County of Fairfield )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        Southport, Connecticut
             January 17, 2008

                            Claurisse Campanale-Orozco

# EXHIBIT 5

*11737*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

GLOBAL LOGISTICS GROUP LTD.,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11 30 07

Plaintiff,

- against -

YONG HE SHIPPING (HK) LTD.,
PROSPER SHIPPING LIMITED,
AEGEAN CARRIERS S.A., &
SOUTH AEGEAN SHIPPING S.A.,

Defendants.

-------------------------------------------------------------x

**Case No. 07 CIV 10654**

**(Judge Scheindlin)**

*EX PARTE* **ORDER
AUTHORIZING PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT**

**WHEREAS**, on November 30, 2007, Plaintiff, GLOBAL LOGISTICS GROUP

LTD., filed its Verified Amended Complaint against Defendants, YONG HE SHIPPING

(HK) LTD., PROSPER SHIPPING LIMITED, AEGEAN CARRIERS S.A., and SOUTH

AEGEAN SHIPPING S.A., alleging damages in the amount of **$830,409.89** (Eight

Hundred Thirty Thousand Four Hundred- Nine Dollars and eighty-nine cents), together

with interest and costs, and praying for the issuance of Process of Maritime Attachment

and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and

Maritime Claims, and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would

command that the United States Marshal or other designated process server attach any

and all of Defendants' property within this District,

**NOW, THEREFORE**, after review of the Verified Complaint and proposed

Process of Maritime Attachment and Garnishment, and the Court finding that the

conditions set forth in Supplemental Rule B appear to exist, it is

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue to

the garnishees named in the Schedule A hereto, against all tangible or intangible property

belonging to, claimed by or being held for the Defendants by any garnishees within this

District, including, but not limited to electronic fund transfers originated by, payable to,

or otherwise for the benefit of Defendants whether to or from the garnishees or any other

electronic fund transfers, in an amount of up to **$830,409.89**, pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

Civil Procedure; and it is further,

**ORDERED**, that any person claiming an interest in the property attached or

garnished pursuant to this Order shall, upon application to the Court, be entitled to a

prompt hearing as provided by Local Admiralty and Maritime Rule E (1), at which time

Plaintiff shall be required to show why the attachment and garnishment should not be

vacated or other relief granted; and it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees

enforcing the Court's Order may be issued by the Clerk upon application without further

Order of the Court; and, it is further,

**ORDERED**, that following initial service by the United States Marshal or other

2

designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of email or facsimile transmission to each garnishee; and, it is further,

   **ORDERED**, that service on any garnishee is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day; and, it is further,

   **ORDERED**, that any garnishee may consent to accept service by any other means, including facsimile and e-mail; and, it is further,

   **ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is further

   **ORDERED**, that pursuant to Rule 4 (c) (1), Federal Rules of Civil Procedure, this *Ex Parte* Order of Maritime Attachment and Garnishment and a copy of the Verified Complaint may also be served on the garnishees identified in this garnishment Order, and such additional garnishees as so permitted herein, by one of the following appointees: Samuel Clarke, or any other person at least the age of 18 years and not a party to this action, appointed by Junge & Mele, LLP, attorneys for Plaintiff.


Dated in the City of New York on November 30, 2007

UNITED STATES DISTRICT JUDGE

3

## SCHEDULE A

1.   Bank of China

2.   HSBC (USA) Bank

3.   Bank of New York Mellon

4.   Barclay's Bank

5.   JPMorgan Chase Bank

6.   Wachovia Bank

7.   Bank of America, N.A.

8.   American Express Bank

9.   Citibank, N.A.

10.  Standard Chartered Bank

11.  UBS, A.G.

12.  BNP Paribas

13   Calyon Bank

14.  Bank of Commerce

15.  Deutsche Bank

4